IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 18-cr-00109-REB-DW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GREGORY RICHARDS

    Defendant.

## PLEA AGREEMENT

The United States of America ("the Government"), by and through Jeffrey K. Graves, Assistant United States Attorney for the District of Colorado, and the defendant, Gregory Richards, personally and by counsel, Michael Goldman (CJA), submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A.     Defendant's Plea of Guilty:**

The defendant agrees to: (1) enter a guilty plea to Count One of the Indictment [ECF #1], Assault on an Intimate Partner by Strangulation in Indian Country; (2) agree that his criminal history category is currently under-represented because his tribal convictions do not receive criminal history points and not object to a motion filed by the Government seeking an upward departure to criminal history category III.

**B.     Government's Obligations:**

In exchange for the defendant's plea of guilty, the United States agrees to:



DEFENDANT'S EXHIBIT 2
18-CR-109

(1) recommend a sentence of 41 months imprisonment; and (2) recommend the Court give the defendant full credit for acceptance of responsibility per U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, cmt. n.4, between the time of the guilty plea and sentencing.

### C.     Defendant's Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria:  (1) the sentence exceeds the maximum penalty provided in the statutes of conviction;  (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly; or (3) the Government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the

following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

### Count One of the Indictment [ECF # 1]: *Assault on an Intimate Partner by Strangulation in Indian Country, 18 USC §§ 113(a)(8), 1153(a)*

**First:** The defendant is an Indian;

**Second:** The defendant intentionally assaulted Y.L. by strangling or suffocating her;

**Third:** The defendant and Y.L. were intimate partners or dating partners; and;

**Fourth:** The defendant committed the act within the exterior boundaries of the Southern Ute Indian Reservation. and, *JKG MAL*

**Fifth:** The acts took place in the State and District of Colorado

## III. STATUTORY PENALTIES

### Count One of the Indictment [ECF # 1]: *Assault on an Intimate Partner by Strangulation in Indian Country, 18 USC §§ 113(a)(8), 1153(a)*

The maximum statutory penalty for a violation of 18 U.S.C. §§ *113(a)(8), 1153(a)* is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.  That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the facts are as follows:

Gregory Richards ("Defendant Richards") is an Indian of Southern Ute decent. Y.L. is an Indian and registered member of the Navajo Tribe. At all times relevant to this plea agreement, Defendant Richards and Y.L. were intimate and dating partners.

Early in the morning of January 6, 2018, Defendant Richards and Y.L. were in a bedroom at 256 Northridge Dr. house on the Southern Ute Reservation. Defendant Richards was intoxicated in violation of a domestic violence protection order issued in La Plata County Case 16M472. Defendant Richards began a verbal argument with Y.L. During the argument, Defendant Richards tore Y.L.'s smartwatch from her wrist and pushed Y.L. onto a bed. Defendant Richards pinned Y.L. to the mattress, put both hands around her throat, and pushed Y.L.'s head back into the bed. In doing so, Defendant Richards impeded Y.L.'s normal breathing and circulation of blood, caused Y.L. significant pain, and caused Y.L. to blackout. Defendant Richards stopped strangling Y.L. when a child came to the bedroom door. While Defendant Richards spoke to the child, Y.L. was able to retrieve her smartwatch and dial 911.

Defendant Richards returned to the room and continued to assault Y.L. Both Defendant Richards and Y.L. heard a police officer knock on the window. In response, Defendant Richards held Y.L. down on the floor, coved Y.L.'s mouth with a towel with one hand, and strangled Y.L. with the other hand. In doing so, Defendant Richards impeded Y.L.'s normal breathing and circulation of blood and caused Y.L. significant pain.

Officers entered the residence and detained Defendant Richards. Y.L. suffered visible and painful injuries including a swollen neck. Due to Defendant Richard's assault, Y.L. could not speak for about two weeks and had bruises on her shoulder, neck, and face.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

**Count One of the Indictment [ECF # 1]**: *Assault on an Intimate Partner by Strangulation in Indian Country, 18 USC §§ 113(a)(8), 1153(a)*

A. The base guideline is §2A2.2 (Aggravated Assault), with a base offense level of **14**.

B. Pursuant to the specific offense characteristic in §2A2.2(b)(3)(D), the base offense level is *increased by 3 levels* because the victim sustained bodily injury. This results in an adjusted offense level of **17**.

C. Pursuant to the specific offense characteristic in §2A2.2(b)(4), the base offense level is *increased by 3 levels* because the offense involved strangling and suffocating an intimate partner. This results in an adjusted offense level of **20**.

D. Pursuant to the specific offense characteristic in §2A2.2(b)(6), the base offense level is *increased by 2 levels* because the offense involved the violation of a court protection order. This results in an adjusted offense level of **22**.

E. No other specific offense characteristic in §2B3.1 apply.

F. There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

G. The defendant should receive a *decrease of 3 levels* for timely acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be **19**.

H. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on the information currently available to the parties, the Government estimates that the defendant's criminal history category would be **II**.

I.  The Government will file an unopposed motion for upward departure based on inadequacy of criminal history category based on the defendant's tribal convictions that as of now do not receive criminal history points. Should the Court grant the Government's motion, the Government estimates that the defendant's criminal history category would be **III**.

J.  Assuming the criminal history facts known to the parties are correct, the armed career criminal statute does not apply.

I.  Imprisonment: The advisory guideline range of imprisonment resulting from an offense level of **19** and the above criminal history category **III** is 37-46 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 30 months (bottom of Category I) to 78 months (top of Category VI).
In any event, the guideline range would not exceed the statutory maximum applicable to the count of conviction.

J.  Fine: Pursuant to guideline § 5E1.2, assuming the estimated offense level of **19**, the fine range for this offense would be $10,000 to $100,000 plus applicable interest and penalties.

K.  Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall not be more than three years.

L.      The parties are in the process of determining the final restitution amount. The defendant agrees that he is liable for the full amount as finally calculated by the Court at the Sentencing Hearing.

\*   \*   \*   \*

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory

guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the Government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 5-18-18

Gregory Richards
Defendant

Date: 5-18-18

Michael Goldman
Attorney for Defendant

Date: 5-22-18

Jeffrey Graves
Attorney for the United States